IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES HARDWICK, | § | |
| | § | No. 45, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0709006233 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 10, 2023
Decided: June 13, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, his supplemental opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     James Hardwick appeals the Superior Court's January 24, 2023 order denying his motion for correction of illegal sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hardwick's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In 2008, a Superior Court jury convicted Hardwick of twenty-nine counts of first-degree rape and two counts of attempted second-degree rape.  Following a presentence investigation, the Superior Court sentenced Hardwick to

thirty-one consecutive life sentences.[1] We affirmed Hardwick's convictions and sentence on appeal.[2]

(3) In June 2009, Hardwick filed a timely motion for postconviction relief, and the Superior Court appointed counsel to represent him in connection with the proceedings. After expanding the record with briefing and trial counsel's affidavit responding to Hardwick's claims of ineffective assistance of counsel, the Superior Court denied the motion.[3] We affirmed its denial on appeal.[4]

(4) In November 2022, Hardwick filed a 58-page "petition" under Superior Court Rule 35(a), which enables the Superior Court to correct an illegal sentence at any time.[5] Hardwick asked the Superior Court to grant him a new trial, alleging ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and errors made by the trial court. Noting that Hardwick had not challenged the legality of his sentence, the Superior Court denied the petition. This appeal followed.

(5) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[6] To the extent a claim involves a question of law, we review the

---

[1] Hardwick's sentences were enhanced because he had a prior rape conviction.

[2] *Hardwick v. State*, 971 A.2d 130 (Del. 2009).

[3] *State v. Hardwick*, 2011 WL 855854 (Del. Super. Ct. Mar. 10, 2011).

[4] *Hardwick v. State*, 2012 WL 1067150 (Del. Mar. 27, 2012).

[5] Del. Super. Ct. Crim. R. 35(a).

[6] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

claim *de novo*.[7]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[8]

(6)  On appeal, Hardwick again alleges ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and errors made by the trial court and also claims that his sentence is illegal because his trial was tainted by these defects. Hardwick's arguments are unavailing.  The limited purpose of a motion under Rule 35(a) is to permit the correction of an illegal sentence.[9]  It is not a means for a defendant to attack the legality of his conviction or to raise allegations of error occurring in the proceedings leading to the judgment of conviction.[10]  Accordingly, we find no error in the Superior Court's denial of Hardwick's Rule 35(a) petition because the arguments raised therein, primarily ineffective assistance of counsel claims, are not properly raised in a Rule 35(a) motion.  Having conducted an

---

[7] *Id.*

[8] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[9] *Id.*

[10] *Id.*

independent review of Hardwick's sentence, moreover, we are satisfied that it is not illegal.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice